[Civ. No. 22083.   Second Dist., Div. One.   June 24, 1957.]

Guardianship of the Person and Estate of LENA TOM-PIONER, an Incompetent Person. LENA TOMPIONER, Appellant, v. DOROTHEA HANNA CROSBY, as Guardian, etc., Respondent.

Joseph W. Fairfield and Ethelyn F. Black for Appellant.

Horace Appel and Albert Weiner for Respondent.

WHITE, P. J.—Respondent, Dorothea Hanna Crosby is the daughter of appellant Lena Tompioner, and on August 2, 1955, was appointed guardian of the estate and person of her mother.   On February 9, 1956, said incompetent filed a petition for restoration to capacity, and on April 2, 1956, such petition was granted.   On April 23, 1956, respondent guardian filed her final account, report and petition for discharge, and on May 14, 1956, the guardian filed what was designated "Supplement to First and Final Account, Report and Petition for Discharge of Guardian," covering the receipts and disbursement of certain social security payments received by the guardian on behalf of her ward.   On May 9, 1956, appellant filed written objections to the final account of

the guardian. On June 6, 1956, with all parties present, a hearing was had on the account and supplement thereto. Thereupon, the court made its order settling the guardian's account and supplement thereto as prayed and overruling the objections filed thereto by the incompetent. From such order the former incompetent prosecutes this appeal.

In her petition for appointment as guardian, respondent listed as assets of the incompetent's estate the following personal property:

"A trust deed in the sum of $12,000, payable $150.00 per month;

"Cash in bank account...................$2,000.00
United States Bonds.................  600.00
Israel Bonds ........................  300.00"

In her first and final account, report and petition for discharge, respondent guardian included the foregoing property and then set forth the principal and interest payments she had received in the foregoing listed trust deed, interest collected on a savings account in bank and on United States government bonds. The guardian also included social security payments received by her for the incompetent. Respondent guardian also set forth the disbursements she had made for and on behalf of her ward, and for which she claimed she was entitled to credit. To epitomize, the final account of respondent guardian showed that at the time she assumed her obligations as such, the assets of the incompetent amounted to $14,900, and at the time of rendition of the final account, representing a period of some eight months, the assets of the guardianship estate amounted to $14,610.97.

On May 9, 1956, appellant, the former incompetent, filed her objections to the accounting as follows:

"I.

"Objects to so much of the accounting which fails to include the sums of money received by the guardian on behalf of the incompetent from social security benefits.

"II.

"Objects to so much of the accounting which fails to include the sums of money received by the guardian on behalf of the incompetent during the month of April, 1956.

"III.

"Objects to any attorney's fees being allowed to the attor-ney for the guardian.

"IV.

"Objects to so much of the accounting which fails to include the United States Government bonds in the amount of approximately $2,675.00.

"V.

"Objects to so much of the accounting which authorizes the payment to Harvey L. Crosby, husband of the guardian, in the sum of $300.00."

The first objection was cured by the supplement to the first and final account on May 14, 1956, wherein the social security payments were set forth. The second objection is met by the fact that appellant was restored to competency on April 2, 1956, and respondent guardian received two payments on the trust deed thereafter, which payments, less one month's rental paid for appellant, was held available for her.

The following three objections were decided against appellant by the court after hearing evidence thereon.

In support of her contention that the order of the probate court should be reversed, appellant asserts:

"1. It was error for the court to bar the former incompetent from presenting evidence that the trust deed set forth in the petition and the account did not belong to the incompetent and that the guardian has substituted the cash funds of the incompetent for the trust deed.

"2. It was error for the court to approve the final and the supplement account."

In this regard, the record reflects that in the year 1951, respondent guardian and her husband owned some property consisting of an avocado grove in San Diego County. They sold it to Colonel and Mrs. Horton. In the transaction respondent guardian and her husband received a trust deed in their names. According to the testimony of respondent guardian, it appears that the incompetent, long before she was so adjudged, agreed with her subsequent guardian that the trust deed was to be taken in the name of the guardian and her husband as beneficiaries. Asked if the trust deed was ever assigned to her mother prior to the adjudication of the latter as an incompetent, the witness answered, "No, that's the way she wanted it." The record further reflects that on December 7, 1954, the trust deed was assigned to respondent guardian by her husband and which assignment was not recorded. This is the deed of trust referred to in the petition of respondent for appointment as guardian of appellant. The

latter, at the hearing before the probate court, sought to show that the trust deed did not belong to the guardianship estate but was substituted by cash taken from the estate in the amount represented by the unpaid balance due on the note secured by such trust deed. In answer to a query by the court, it was stipulated "that all of the transactions that have been testified to by the mother, and also the daughter, the financial transactions here occurred *prior* to the filing of the petition for appointment of guardian." (Emphasis added.)

The probate court took the position that ". . . The objections you speak about are principally objections that are going to have to be raised in civil litigation and cannot be raised in probate; they all transpired before the guardianship proceedings were instituted. If there was any misappropriation of funds, any undue influence or fraud, or something of that kind, it all occurred before the guardianship, and so all I have before me is, require an accounting of the guardian and what she had in her possession."

Aside from the fact that appellant did not raise this specific issue in her grounds of objections and that the hearing might well have been limited to the objections so presented (*Estate of Boyes,* 151 Cal. 143, 147, 148 [90 P. 454]) which did not present a triable issue as to the trust deed, nevertheless, we are persuaded that the probate court was correct in its holding that its jurisdiction extends only to a determination of the amount of money or property of the estate that has come into the hands of the guardian, for the purpose of charging her therewith. That, if there was any fraud committed by the guardian with regard to the property of his ward prior to the adjudication of the latter's incompetency, there was presented a question to be decided in an appropriate civil action in which such an issue would be properly framed. The power of the probate court is limited to a determination of the amount and nature of property that has come into the hands of the guardian and to inquiry into all accounts and conduct of the latter in connection therewith. What may have transpired prior to the adjudication of incompetency cannot be the subject of inquiry by the superior court sitting in probate if the guardian has faithfully and honestly administered his trust in connection with the property received into his possession pursuant to his appointment. What transpired prior to such adjudication and appointment presents a question for another judicial tribunal.

Other objections filed to the account were decided on conflicting evidence, and under well recognized rules, the decision arrived at by the duly constituted arbiter of the facts is not open to review on appeal.

The order is affirmed.

Doran, J., and Fourt, J., concurred.

A petition for a rehearing was denied July 24, 1957, and appellant's petition for a hearing by the Supreme Court was denied August 20, 1957.